EDGE v. BUSCHOW LUMBER COMPANY.

4-9495                                    239 S. W. 2d 597

Opinion delivered May 14, 1951.

*Wood & Chesnutt* and *Ray S. Smith, Jr.,* for appellant.

*Witt & Witt* and *Tom Kidd,* for appellee.

PAUL WARD, J.   On August 22, 1923, Joseph A. Coffman patented (from the United States) the SE¼ of the SE¼ of Sec. 33, Twp. 4 S., R. 26 W., 40 acres, lying in Montgomery County.   Coffman and wife conveyed the land to D. W. Edge, September 12, 1925.   Edge failed to pay the taxes for the year 1928 and the land was sold to the State June 10, 1929.   After the expiration of the two years redemption period the land was certified to the State, and the State confirmed its title through chancery court by decree dated November 5, 1934.   In 1938 Edge deserted his wife and children and has not been heard of since 1943.   On April 2, 1943, the State deeded the land to the Buschow Lumber Company and this company, on February 21, 1950, conveyed the land by warranty deed to the Murfreesboro Lumber Company.   It is admitted by both sides that the land is wild and unimproved.

On March 30, 1950, the wife and children of D. W. Edge filed suit in the chancery court against the Buschow Lumber Company asking ''that the purported sale of said land be cancelled and set aside; that the deed of the State

of Arkansas to the defendant purporting to convey the said land to the defendant be declared to be void and be cancelled and set aside and that the defendant be required to account to the plaintiffs for all timber removed from the said lands.'' The complaint alleged that the land was not subject to taxation in the year 1919 (as stated above the land was not patented by the government until the year 1923) but notwithstanding this the land was sold for taxes for that year and consequently certified to the State of Arkansas; that the State, claiming title to said land by virtue of said tax forfeiture for the year 1919, deeded said land on April 2, 1943, to the defendant Buschow Lumber Company; that said sale to the State and by the State to the defendant were void. On March 31, 1950, the plaintiffs filed an amended complaint in which it was alleged: ''That the plaintiffs herein are the wife and children of the said D. W. Edge; that the said D. W. Edge deserted his wife and children in the year 1938 and departed the State of Arkansas and has not been heard of since that time; that the said D. W. Edge is presumed in law to be dead and the plaintiffs herein are his widow and sole heirs at law; that if the said D. W. Edge is living, this action is brought by the plaintiff, Mrs. D. W. Edge, under the provisions of § 27-822, Ark. Stats. (1947); that said lands were offered for sale for taxes for the year 1928 and that no one bid on said lands at said sale and that they were certified to the State of Arkansas for the nonpayment of the taxes for the said year.''

The complaint then sets out seventeen alleged reasons why the tax forfeiture and the sale to the State based thereon was irregular and void and contains the same prayer as set forth in the original complaint.

On April 18, 1950, defendant Buschow Lumber Company filed its answer to the complaint and amended complaint in which it denies each and every allegation and states that the defendant is the owner in possession of said land and is entitled to have his title confirmed. On June 6, 1950, the Buschow Lumber Company filed its amended and substituted answer, in which it was alleged: That it has been in constructive possession of said lands from the 2nd day of April, 1943, paying the taxes each

and every year thereafter; that it sold said lands to the Murfreesboro Lumber Company on the 21st day of February, 1950; that plaintiffs' complaint was filed on March 30, 1950, and that at that time the defendant was not the owner of said land, but that the Murfreesboro Lumber Company was the owner; that this defendant and the Murfreesboro Lumber Company have owned said land and been in possession of same, paying the taxes each and every year since April 2, 1943, and have had open, peaceful and adverse possession of said lands for a period of more than seven years.

On June 23, 1950, the Murfreesboro Lumber Company, a partnership, filed their intervention alleging: that they deny all the allegations in the plaintiffs' complaint; that on February 21, 1950, they purchased the said lands from the Buschow Lumber Company, receiving a warranty deed and paying therefor the sum of $1,650; that said Buschow Lumber Company had purchased the lands from the State of Arkansas on April 2, 1943; that the said lands had sold for taxes for the year 1928 and had been certified to the State; that on November 5, 1934, the State confirmed its title in said lands through the chancery court; that they admit the lands are wild and unimproved and they interpose a plea of the Statute of Limitations, having been in constructive possession under color of title, and paid the taxes thereon for more than seven years. Interveners also filed a cross-complaint against the Buschow Lumber Company praying judgment in the sum of $1,650 with interest if the plaintiff should prevail in this suit.

This appeal presents several interesting and close questions which call for a decision and in discussing and deciding them we will refer to the testimony as it relates thereto.

First, the lower court found in favor of appellee, Murfreesboro Lumber Company, and quieted its title on the ground that it had color of title to said land and had paid the taxes thereon for seven years. We quote the following from the court's decree:

" . . . That the intervener, Murfreesboro Lumber Company and those under whom it claims title to the lands involved in this action, to-wit: the SE¼ of the SE¼ of Sec. 33, Twp. 4 South, Range 26 West, have paid the taxes on said lands under color of title for seven consecutive years and that the said lands are wild lands; . . ."

The statute on which the court must have based the above ruling is § 37-102 of the Ark. Stats. which is set out below:

"Unimproved and uninclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act [section] unless he and those under whom he claims shall have paid such taxes for at least seven (7) years in succession, and not less than three (3) of such payments must be made subsequent to the passage of this act."

As stated above the Buschow Lumber Company received a deed from the State of Arkansas on April 2, 1943, and the Buschow Lumber Company deeded the land to appellee, Murfreesboro Lumber Company, on the 21st day of February, 1950. Appellant's complaint was filed on March 30, 1950, but the Murfreesboro Lumber Company was not made a defendant and did not become a party to the action until it filed its intervention on June 23, 1950. A tax statement was introduced in evidence showing that the two lumber companies had paid taxes on the land in question for the years 1943 to 1949 inclusive, and it is admitted by all parties that the land is wild and unimproved. Thus, it would at first appear that since the Murfreesboro Lumber Company and the Buschow Lumber Company had together had color of title and possession of the lands from April 2, 1943, to June 30, 1950, and had paid the taxes thereon for seven years the appellee, Murfreesboro Lumber Company, would come under the provisions of § 37-102 quoted above. However, our court has held many times, beginning with the case of *Updegraff* v. *Marked Tree Lumber Company*, 83 Ark. 154, 103 S. W. 606, that there must be an unbroken possession

for a period of seven years from the date of the first payment of taxes. It appears from the tax statement mentioned above that the first payment of the taxes made by the Buschow Lumber Company was on August 22, 1944, consequently less than seven years had elapsed before the Murfreesboro Lumber Company intervened and made itself a party to this suit. From what has been said it follows that the lower court was in error and that the Murfreesboro Lumber Company is not entitled to have its title quieted on this ground.

Appellee, the Murfreesboro Lumber Company, contends that the sale to the State of Arkansas for the forfeiture of 1928 was regular in every way and if not that the 1934 confirmation suit cured all irregularities and that therefore, the deed from the State of Arkansas to the Buschow Lumber Company on April 2, 1943, conveyed a good and valid title and that consequently the deed from the Buschow Lumber Company dated February 21, 1950, to it conveyed good title. For these reasons the Murfreesboro Lumber Company contends that it is entitled to have the title to said lands confirmed in it. This contention would be sound unless the power to sell was lacking when the lands forfeited and were sold to the State of Arkansas for the taxes of 1928. Appellants contend the power to sell was lacking.

The record shows that the total tax on these lands for the year 1928 was $2.78 and that the total tax and penalty for which the lands sold was $3.91. This total included a penalty of 28 cents about which there is no question, the clerk's fee of 25 cents, about which there is no question, and the sheriff's fee of 10 cents, about which there is no question, and an advertising fee of 50 cents which appellants contend is 25 cents excessive. In our opinion appellants are correct, and the proper advertising fee should have been 25 cents instead of 50 cents.

It is admitted by appellees that 25 cents per call was the correct advertising fee under the provisions of § 6806 of Crawford & Moses' Digest, but this section was amended by Act 92 of the Acts of 1929, which provides that the advertising fee for each tract shall be 50 cents.

This act was approved March 7, 1929, but did not contain an emergency clause. Appellees contend that the act would be in full force and effect 90 days after March 7, 1929, that is it would be effective on June 5, 1929. The record shows that the tax sale in question was held on June 10, 1929, thus it is contended by appellees that the 50 cents advertising fee was the correct fee on the date of sale. Acts of the Legislature for 1929 show that the Legislature adjourned on March 14, 1929. This court held in the case of *Gentry* v. *Harrison,* 194 Ark. 916, 110 S. W. 2d 497, that an act of the Legislature which did not contain the emergency clause became effective 90 days after the Legislature adjourned. Thus it appears that Act No. 92 mentioned above could not have been effective prior to June 12, 1929, which was two days after the lands were offered for sale. It follows that there was an unlawful charge of 25 cents against appellants' lands. This excessive charge defeated the power to sell as has been held many times by this court. See *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132. The state's confirmation decree of 1934 did not cure the defect mentioned above as was held in the last cited case. It follows that the deed from the State of Arkansas to the Buschow Lumber Company was void, and consequently the Murfreesboro Lumber Company has no title by virtue of its deed from the Buschow Lumber Company.

It is earnestly insisted by able counsel for appellees that this case must be affirmed because the appellants have no standing in court. As set out above appellants are the wife and children of D. W. Edge who was the owner of the land in controversy at the time it forfeited to the State. It is insisted by appellants that they have a right to bring this action in their own names pursuant to the provisions of § 62-1601, Ark. Stats. (1947), which reads as follows: "Any person absenting himself beyond the limits of this State for five (5) years successively shall be presumed to be dead, in any case in which his death may come in question, unless proof be made that he was alive within that time."

In the case of *Wilks* v. *Mutual Aid Union,* 135 Ark. 112, 204 S. W. 599, and in the case of *Burnett* v. *Modern*

*Woodmen of America,* 183 Ark. 729, 38 S. W. 2d 24, our court has interpreted the above mentioned section as applying only to residents of this State at the time of disappearance. A review of the evidence shows that D. W. Edge left his family about the year 1938 and has not been heard from since about 1943 although inquiry and diligent search have been made. However, nowhere in the testimony does it appear affirmatively that D. W. Edge was a resident of the State of Arkansas when he absented himself, this being a necessary element and not having been proved his wife and children could not maintain this action.

It will be noted from the abstract of the complaint set forth above that appellants brought this action under the provisions of § 27-822, Ark. Stats., which reads as follows: "Where a husband, being a father, has deserted his family, the wife, being a mother, may prosecute or defend in his name any action which he might have prosecuted or defended, and shall have the same powers and rights therein as he might have had."

In our opinion appellants' pleadings and proof bring them within the provisions of this statute and under it they have a right to maintain this action. It is not denied that D. W. Edge left his wife and children as stated above and has not been heard from for something like seven years and has not been seen by them since 1938. Under the last mentioned section any recovery had by appellants would have to be in the name of D. W. Edge.

The decree of the lower court is reversed with directions to enter an appropriate decree vesting title to said lands in D. W. Edge after appellants have satisfied the lawful claims by appellees for money expended for taxes pursuant to *Buschow Lumber Co.* v. *Witt,* 212 Ark. 995, 209 S. W. 2d 464, and for further proceedings on appellants' claim for timber cut off said lands.

The Murfreesboro Lumber Company has cross-appealed against the Buschow Lumber Company asking judgment in the amount of $1,650 which it paid the Buschow Lumber Company for a warranty deed on February 21, 1950. No defense to this part of the action

has been made by the Buschow Lumber Company and the Murfreesboro Lumber Company is entitled to judgment for the amount stated above together with interest at six per cent. from February 1, 1950, and it is so ordered.